**CORELL et al. v. UNITED STATES**
**to Use of ROEN.**
**No. 6683.**

Circuit Court of Appeals, Sixth Circuit.
May 17, 1935.

Fred N. Searl, of Grand Rapids, Mich. (Dale Souter, of Grand Rapids, Mich., on the brief), for appellants.

T. A. Sanderson, of Sturgeon Bay, Wis. (Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., on the brief), for appellees.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

On June 22, 1927, the Greiling Engineering Company contracted with the United States to construct the south breakwater and south shore connection at the entrance to Frankfort Harbor, Mich. The Detroit Fidelity & Security Company, as surety for the Greiling Company, executed the public work bond required by Heard Act, title 40, § 270, U. S. C. (40 USCA § 270). The contract was approved by the Acting Secretary of War and a supplement thereto by the Acting Chief of Engineers of the Army and the work was performed under the direction of the War Department.

On January 27, 1930, the Greiling Company changed its corporate name to Waterways Engineering Company, but its corporate entity remained unchanged.

About November 4, 1932, Lloyds Insurance Company of America succeeded to the business and assets of the Detroit Fidelity & Security Company and assumed and agreed to pay its then existing liabilities and obligations, including those arising under the bond above mentioned. Appellees Roen and Lyons, partners, under the name of Northwestern Sand & Gravel Company, supplied the contractor with 77,321 tons of crib and breakwater stone for use in the construction of the breakwater and shore connection, at an agreed price of $147,215.50, of which amount $6,796.42 remains unpaid. Similarly, Roen, doing business as the Roen Steamship Company, supplied the contractor with 1,042 tons of like stone at an agreed price of $2,084, upon which there remains an unpaid balance of $208.40.

The work was completed and accepted on or prior to October 23, 1931.

On November 7, 1931, the Junior Engineer in charge of the work transmitted to the District Engineer at Milwaukee an itemized statement of the "Amount due—final payment—$30,210.19." This statement was entitled "Statement of Amount Due Contractor, U. S. Engineer's Office." On November 13, 1931, the District Engineer reported by letter to the Chief of Engineers of the Army through the Division Engineer of the Great Lakes Division the final completion of the work and the balance due the contractor. This letter was transmitted on November 16, 1931, by the Division Engineer to the Chief of Engineers, who, under date of December 7, 1931, acting through Major B. C. Dunn, Corps of Engineers, Chief Finance Division, transmitted to the General Accounting Office, Washington, D. C., for direct settlement, a voucher in favor of the Greiling Engineering Company covering the final payment due under the contract and enclosed the itemized statement of work done. The letter of Maj. Dunn is copied in its essentials:

"Office, C. of E., December 7, 1931.—To:
    "The General Accounting Office, Claims
        Division, Washington, D. C.

    "There is inclosed herewith *for direct settlement a voucher* in favor of the Greiling Engineering Co., Green Bay, Wisconsin, covering the 30th *and final payment under contract No. W-1095—eng—103, dated June 22, 1927, for constructing 1188 linear feet of south breakwater and 1400 linear feet of south shore connection at Frankfort Harbor, Michigan.* In view of the facts stated in the basic letter this office concurs in the findings of fact set forth in the accompanying copy of letter dated October 10, 1931, *and accordingly recommends payment in the amount of $30,210.-19, to the contractor.*

        "For the Chief of Engineers:
                "B. C. Dunn,
            "Major, Corps of Engineers,
            "Chief, Finance Division."
"2 Inclosures."
(Italics ours.)

The General Accounting Office reviewed the matter and on January 28, 1932, issued a "Certificate of Settlement," the body of which is as follows:

"I Certify there is due from the United States to the above named claimant (s), payable from the appropriation (s) indicated, the sum of Twenty Two Thousand Seventy Five and 57/100 Dollars ($22,075.57) on account of final settlement covering construction of south breakwater and shore connection at Frankfort Harbor, Michigan,

under Contract No. W-1095—eng.—103, dated June 22, 1927.

"8x870 Maintenance and Improvement of Existing River and Harbor Works.

| | |
|---|---|
| Claimed: | $30,210.19 |
| Deducted: | 8,134.62 |
| Payable to Claimant: | $22,075.57 |

"The sum of $8,134.62 is withheld pending investigation of reported indebtedness to the United States in the above amount and will be the subject of a separate settlement at a later date.

"Issue warrant (s) and send check (s) to claimant (s)."

The deduction of $8,134.62 was explained in a letter addressed on April 20, 1932, to the Waterways Engineering Company as the amount due the government from a predecessor of the Greiling Engineering Company by reason of a pre-existent indebtedness upon another contract. This certificate was forwarded to the Secretary of the Treasury (Division of Bookkeeping and Warrants) and the amount certified therein was paid to the contractor by check of the Treasurer of the United States dated February 1, 1932.

The United States for the use of Roen and Lyons, partners under the name and style of Northwestern Sand and Gravel Company, and John J. Roen, doing business as Roen Steamship Company, brought suit on January 18, 1933, upon the public work bond against the Waterways Engineering Company, appellant, and Lloyds Insurance Company of America, surety. On petition of H. B. Corell, ancillary receiver of the insurance company, he was substituted for the insurance company as a party defendant. The controlling issue was the date of final settlement of the contract and the timeliness of the suit with reference thereto within the meaning of the following provision of the Heard Act (title 40 U. S. C. § 270 [40 USCA § 270]): "That where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later."

The District Court found as a matter of law that final settlement was made on January 28, 1932, the date upon which the general accounting office issued the "Certificate of Settlement"; that the suit was commenced within one year thereafter and rendered judgment against the insurance company for the claims sued on.

We think the conclusion was erroneous; that the final settlement was accomplished by the letter of Major Dunn of December 7, 1931, and that the action was therefore brought too late. This letter with the inclosed voucher was "a determination, made in accordance with established administrative practice by the administrative officer or department having the contract in charge, that the contract has been completed and that the final payment is due. * * *" The case is controlled by Globe Indemnity Co. v. U. S., to the use of Steacy-Schmidt Mfg. Co., Inc., 291 U. S. 476, 54 S. Ct. 499, 78 L. Ed. 924, which we followed in Fidelity & Cas. Co. of N. Y. v. U. S. (C. C. A.) 70 F.(2d) 895. It is fair to the district judge to say that the Globe Case was not decided until March 5, 1934, more than six months after the judgment herein reviewed.

As the point decided is determinative, we find no necessity for reviewing any other question presented.

The judgment is reversed, and the cause remanded.